UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SYLVIANE EVE BLOUIN,

                Plaintiff,

   -against-

BANK OF AMERICA, National Association,

                Defendant.
-----------------------------------------------------------x

MEMORANDUM & ORDER
14-CV-5375 (ENV)(RML)

Vitaliano, D.J.

On September 12, 2014, plaintiff Sylviane Eve Blouin filed this action against defendant Bank of America, National Association ("Bank of America"), alleging fraud in conjunction with a Florida state court foreclosure proceeding. On January 19, 2015, Bank of America filed its motion to dismiss. For the reasons that follow, the motion is granted.

## Background

The facts of this case closely mirror those of an action filed by Blouin, see Blouin v. JPMorgan Chase Bank, National Association, 14-cv-5143 (E.D.N.Y. March 29, 2016) ("Blouin I"), and, as further discussed below, must be dismissed for the same reasons. With near symmetry to Blouin I, plaintiff, claiming to be the record owner of real property located in Florida, targets a foreclosure action brought by Bank of America in a Florida state court two years before this action was commenced. Compl., Dkt. No. 1, ¶¶ 9-10.[1] Once again, in a series

---

[1] Just as in Blouin I, the subject events appear to have occurred entirely within Florida, and so it is again unclear that venue is properly laid in this district. In fact, in support of her choice of venue, Blouin reprises her conclusory representations that "[v]enue in this District arises for multiple reasons within the scope and meaning of 28 USC §1391(b)" and "the acts alleged herein occur[ed] within this District." Compl. ¶ 2. No further basis is provided. Nevertheless, Bank of America accedes to venue here for the purpose of its motion to dismiss. In the absence of objection, the Court will decide the motion. See Fed.R.Civ.P. 1014.



of conclusory allegations and facts pleaded on "information and belief," Blouin asserts, in language identical to that used in Blouin I, that Bank of America "manufactured and used a false complaint and other fake and counterfeit records to enable it to induce" the Florida state court to issue the judgment of foreclosure. Id. ¶ 9. Indeed, the only differences between this case and Blouin I are not substantive.

Here, per the custom of the times, Blouin's mortgage with WaMu was pooled with other mortgages into a securitized trust, known as WaMu Mortgage Pass-Through Certificates Series 2005-AR19 (the "Trust"). Id. ¶¶ 11-15.[2] In that form, it was ultimately assigned to Bank of America, as trustee to the Trust. Id. ¶¶ 24; Def. Br., Dkt. No. 20, at 3. This conveyance trail sparked for Blouin several new, trust-based causes of action, but it did not change the fundamental fact that she again seeks to challenge a state-court foreclosure proceeding resulting in an adverse judgment in federal district court. As in Blouin I, Blouin demands declaratory relief in the form of a finding that Bank of America lacked the right to bring the foreclosure action. She also prays for an injunction against Bank of America bringing any further actions against her, and costs and attorney's fees.

## Standard of Review

Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." This rule does not command a litigant to supply "detailed factual allegations" in support of her claims, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "A

---

[2] The mortgage agreement explicitly provided that the mortgage and note could be assigned or sold without notice to Blouin. See Mortgage Agreement, Dkt. No. 19-2, ¶ 20.

pleading that offers 'labels and conclusions' . . . will not do." Id. (quoting Twombly, 550 U.S. at 555); see also In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

To survive a Rule 12(b) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotations omitted); see Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) (interpreting Twombly to require a "plausibility standard" that "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible") (emphasis omitted), rev'd on other grounds, 129 S. Ct. 1937 (2009). On a Rule 12(b)(6) motion, of course, the district court must accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the nonmoving party. Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008).

Equally significant, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Given that Blouin alleges fraudulent conduct by Bank of America, her complaint must meet Rule 9(b)'s heightened pleading standards to survive dismissal.

In deciding a motion to dismiss, moreover, the motion court may consider the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when

3

bringing suit, and matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Int'l Audiotext Network, Inc. v. Am. Tel.& Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995).

## Discussion

As in Blouin I, there is no factual material in plaintiff's complaint to substantiate her claim that Bank of America, as assignee of JPMorgan Chase Bank, N.A., successor in interest to WaMu, did not obtain a mortgage lien interest in her Florida property. Once again, other than Blouin's conclusory statements, nothing in the record properly before the Court supports the claim that Bank of America committed fraud or that the state court that entered the judgment of foreclosure was misled of any facts upon which the complaint lies. See Dkt. No. 19-7. Powerfully, to the extent there has been any evidentiary showing, it has been by Bank of America, which has provided its original foreclosure complaint and a sworn copy of Blouin's mortgage agreement with WaMu. See Dkt. Nos. 19-2, 19-4. Bank of America's disclosure of the mortgage documents plainly undermines Blouin's claim that "there is no evidence whatsoever that [Bank of America] owns and hold[s] the mortgage." Compl. at 4. Thus, plaintiff's conclusory statements, devoid of even a scintilla of factual support, cannot survive the ordinary pleading standards pronounced in Twombly and Iqbal, let alone the heightened pleading standards for fraud claims under Rule 9(b). See Iqbal, 129 S. Ct. at 1949; Twombly, 550 U.S. at 570; Fed.R.Civ.P. 9(b).

Additionally, Blouin's attempt to circumvent the state court foreclosure judgment is plainly barred by the Rooker-Feldman doctrine. See Webster v. Wells Fargo Bank, N.A., No. 08 CIV. 10145, 2009 WL 5178654 (S.D.N.Y. Dec. 23, 2009) aff'd sub nom. Webster v. Penzetta, 458 F. App'x 23 (2d Cir. 2012), as amended (Jan. 24, 2012); see also In re Wilson, 410 F. App'x

4

409, 411 (2d Cir. 2011) (affirming dismissal on Rooker-Feldman grounds where plaintiff complained defendant bank lacked standing to foreclose). Dispositively, plaintiff's claims of fraud do nothing to overcome this jurisdictional impediment. See Parra v. Greenpoint Mortgage, No. CIV.A. 01-CV-02010, 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26, 2002), aff'd sub nom. Parra v. Wilshire Credit Corp., 53 F. App'x 164 (2d Cir. 2002) ("The fact that [a] plaintiff alleges that the state court judgment was procured by fraud does not remove [her] claims from the ambit of Rooker–Feldman"); see also Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923) ("If the [state court] decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding . . . Under the legislation of Congress, no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment for errors of that character."). Thus, even if Blouin's challenges to the Florida foreclosure proceeding had merit, this Court would still lack jurisdiction to entertain them. Just as in Blouin I, this fundamental defect is, plainly, incurable by amendment.

## Conclusion

In line with the reasons stated above, defendant's motion to dismiss is granted. The complaint is dismissed, with prejudice.

The Clerk of Court is directed to enter judgment accordingly and to close the case for administrative purposes.

So Ordered.

Dated: Brooklyn, New York
June 13, 2016

/s/ USDJ ERIC N. VITALIANO
_____
**ERIC N. VITALIANO**
**United States District Judge**